| In re: | **MAXWELL CLARK** | Case No. |
|---|---|---|
| | **SABRINA CLARK** | ☒ Original Chapter 13 Plan |
| | | ☐ Amended Plan Number ____ |
| | Debtor(s). | (e.g., 1st, 2nd) |
| | | ☐ Court-ordered Limited Service of Plan Applicable |

## CHAPTER 13 PLAN

**Part 1:** **Important Notices and General Plan Provisions.**

**YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN.** Your claim may be reduced, modified, or eliminated.

**THIS PLAN DOES NOT ALLOW CLAIMS.** Creditors must file timely proofs of claim to receive distributions under this plan. Even if the plan provides for payment, no payment will be made unless a proof of claim is timely filed and allowed. Otherwise, amounts received by the Trustee will be disbursed to other creditors. The amount of an allowed proof of claim controls, unless the court orders otherwise.

**THIS PLAN IS A "COMBO" PLAN.** All pre-confirmation motions to a) limit the amount of a secured claim based on valuation of collateral; b) strip a wholly unsecured mortgage; c) avoid a nonpossessory, nonpurchase money security interest or judicial lien; or d) assume an executory contract or unexpired lease must be included in the plan, unless the court for good cause orders otherwise. *See* NM LBR 3015-2(d).

**DEFINITIONS**: "Debtor" means either a single debtor or joint debtor, as applicable. "Trustee" means the Chapter 13 Trustee. Section "§" numbers refer to sections of the Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure. "Plan Payments" means payments the Plan requires the Debtor to pay to the Trustee.

**The Debtor must check one box on each line of the following table:**
**If an item is checked "Not included," both boxes are checked, or neither box is checked, the plan provision will be void.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 4.2, 4.3, and/or 4.4, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, set out in Part 8. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 14. | ☐ Included | ☒ Not Included |

**Part 2:** **Monthly Plan Payments and Length**

**2.1 Debtor Plan Payments.** Debtor will make regular, monthly payments to the Trustee within the time required by § 1326(a) as follows (e.g., month 1 to month 24 $500; month 25 to month 60 $650):

| Start Month# | End Month# | Plan Payment Amount | Total |
|---|---|---|---|
| 1 | 60 | 780.00 | 46,800.00 |
| | | | |
| | | | |

Total number of plan payments: ____60____

If the payments in Part 2 are insufficient to pay all creditors as proposed by the plan, Debtor will pay the additional amount necessary.

**2.2 Additional Payments.**

Debtor will make additional payments to Trustee from the following sources (e.g. sale proceeds; or state "None"):

| Source of payment | Estimated amount | Estimated payment dates |
|---|---|---|
| | | |
| | | |

NM LF 3015-2 (Effective 7/1/2022)

**2.3 Method of Payment:** (Check one). Debtor will make Plan Payments required by Part 2.1 by the following method:

☐ **Wage Withholding Order**. Debtor must make Plan Payments by other acceptable means until wage withholding begins.
☐ **Money Order or Certified Funds**. Mail to *Chapter 13 Trustee, P.O. Box 454, Memphis, TN 38101-0454*; Include Debtor's name and case number.
☒ **TFS**

**2.4 Income Tax Returns and Refunds.**

By **April 30th** of each year (or within 15 days after any extended tax filing deadline), Debtor will give Trustee copies of all federal and state income tax returns for the preceding year, with all schedules and attachments. If Debtor files for an extension or is not required to file a return, then by **April 30th** Debtor will give Trustee an executed copy of the extension, or an affidavit that no return is required. Debtor will pay directly all post-petition taxes or estimated taxes when due. Debtor may increase tax withholding as necessary to pay required taxes during the tax year.

*Check one:*

☐ Debtor will retain any income tax refunds received during the Plan term.

☒ Debtor will turn over to Trustee all income tax refunds for tax years <u>2023</u> through <u>2028</u> no later than April 30th of each following year unless the Court orders otherwise.

☐ Debtor will treat income tax refunds as follows: _____.

## Part 3: Attorney's Fees

Debtor's counsel charges by the hour. Counsel received $**1,495.00 pre-petition** for representing the Debtor in connection with the bankruptcy case, including attorneys' fees, applicable taxes, and costs ("fees and costs"). Post-petition, counsel estimates charging an additional $**6,000.00** in fees and costs through Plan confirmation. Within 14 days after Plan confirmation, counsel will file a fee application for all fees and costs charged through Plan confirmation. Upon Court approval, Trustee will pay the unpaid balance of approved fees and costs. If the approved amount is less than the amounts already paid, counsel will remit the difference to payor within 30 days. Trustee will pay any post-confirmation fees and costs upon Court approval.

## Part 4: Treatment of Secured Claims

**4.1 Claims Secured by Real Property – Curing Defaults and Maintaining Payments.**

A. <u>Debtor will make the following post-petition mortgage payments directly to the creditor, including taxes and insurance:</u>*

| **Creditor** | **Lien No.** | **Property Address** | **Estimated Monthly Payment** | **Payment Start Date** | **Payment End Date** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

*Direct post-petition mortgage payments under Part. 4.1.A may be proposed *only* if the Debtor is two months or less in arrears as of the petition date. If the Debtor proposes to make direct post-petition mortgage payments, the Debtor must file an affidavit (NM LF 3015-3(c)) certifying as to each mortgage addressed in Part 4.1.A the number of missed regular monthly mortgage payments and the alleged arrearage amount.

B. <u>Trustee will make the following post-petition mortgage payments:</u>

| **Creditor** | **Lien No.** | **Property Address** | **Estimated Monthly Payment** | **Payment Start Date** | **Payment End Date** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**If post-petition taxes and insurance are not included in the mortgage payment, the Debtor will pay those amounts directly. The estimated monthly payments in Parts 4.1A and B may change based on filed proofs of claim or notices of mortgage payment change. If the monthly mortgage payment increases, Debtor will increase the Plan payment if and to the extent necessary to ensure Plan feasibility.**

    C. Trustee will pay (a) pre-petition arrearages and/or amounts due because of a pre-petition default, (b) the first post-petition payment ("gap" payment); and/or (c) post-petition arrearages arising from a default in mortgage payments paid directly by Debtor as follows:

| **Creditor** | **Lien No.** | **Property Address** | **Estimated Arrearage Amount** | **Interest Rate** | **Type of Payment** (i.e. Gap, Pre or Post-petition) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

    D. Trustee will pay the following secured real property claims in full with interest as provided below, unless a different interest rate is ordered by the court:

| **Creditor** | **Lien No.** | **Property Address** | **Estimated Claim Amount** | **Interest Rate** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**4.2  Claims Secured by Real Property – Lien Stripping, Lien Avoidance, and Valuation.**

    A. "Stripping" wholly unsecured mortgage liens

Debtor moves the Court to value real property and, upon discharge under § 1328, avoid each mortgage wholly unsecured by the creditor's interest in the value of the property as set forth below.

| **Creditor** | **Property Address** | **Estimated Claim Amount** | **Property Value** | **Estimated Amount of Senior Mortgages** | **Basis for Valuation** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

The above property value will bind each creditor upon confirmation. Creditors will retain their mortgage liens until discharge under § 1328 or payment in full under nonbankruptcy law, at which time the liens will be avoided. If creditor timely objects, the confirmation hearing will include a valuation hearing under § 506 and Rule 3012. **Valuation and lien stripping require service in accordance with Rule 7004.** Upon confirmation, the Trustee will pay the claim as a nonpriority unsecured claim.

    B. Bifurcating claims secured by real property

Debtor moves the Court to value real property that is **not the Debtor's primary residence** and determine the amount of the allowed secured claim under § 506 regarding the property and claims below. The claims will be allowed and paid by the Trustee as secured claims only to the extent of the value of the creditor's interest in the property, and at the interest rate, as set forth below, with the balance treated as a non-priority unsecured claim.

| **Creditor** | **Property Address** | **Estimated Claim Amount** | **Property Value** | **Estimated Amount of Senior Mortgages** | **Interest Rate** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

The above property value will bind each creditor upon confirmation. Creditors will retain their liens until discharge under § 1328 or payment in full under nonbankruptcy law, at which time the liens will be avoided. If a creditor timely objects, the confirmation hearing will include a valuation hearing under § 506 and Rule 3012. **Valuation and lien avoidance require service in accordance with Rule 7004.**

**4.3 Claims Secured by Personal Property.**

    A. <u>Claims secured by personal property (including "910 car claims") to be paid in full</u>

The Trustee will pay the following claims in full with interest as provided below, unless a different interest rate is ordered by the Court:

| **Creditor** | **Collateral/Property** | **Estimated Claim Amount** | **Interest Rate** | **Adequate Protection (Yes/No)** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

    B. <u>Bifurcating claims secured by personal property</u>

Debtor moves the Court to value personal property and determine the amount of the allowed secured claim under § 506 regarding the property and claims below. The claims will be allowed and paid by the Trustee as secured claims only to the extent of the value of the creditor's interest in the property, and at the interest rate, as set forth below, with the balance treated as a non-priority unsecured claim.

| **Creditor** | **Collateral/Property** | **Estimated Claim Amount** | **Collateral Value** | **Interest Rate** |
|---|---|---|---|---|
| **Global Lending Services** | **2016 Ford Expedition** | 23,470.09 | 19,975.00 | 6% |
| | | | | |
| | | | | |

The above property value will bind each creditor upon confirmation. Creditors will retain their liens until discharge under § 1328 or payment in full under nonbankruptcy law, at which time the liens will be avoided. If a creditor timely objects, the confirmation hearing will include a valuation hearing under § 506 and Rule 3012. **Valuation and lien avoidance require service in accordance with Rule 7004.**

**4.4 Secured Tax Claims.**

Debtor moves the Court to value property and determine the amount of the allowed secured claim under § 506 regarding the property and tax claims below. The tax claims will be allowed and paid by the Trustee as secured claims only to the extent of the value of the creditor's interest in the property, and at the interest rate, as set forth below, with the balance treated as a non-priority unsecured claim.

| **Creditor** | **Collateral/Property** | **Estimated Claim Amount** | **Property Value** | **Interest Rate** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

The above property value will bind each creditor on confirmation. Creditors will retain their liens until discharge under § 1328 or payment in full under nonbankruptcy law, at which time the liens will be avoided. If creditor timely objects, the confirmation hearing will include a valuation hearing under § 506 and Rule 3012. **Valuation and lien avoidance requires service in accordance with Rule 7004.**

**4.5 Surrender of Property and Collateral.**

Upon Plan confirmation, the Debtor will surrender all right, title and interest in the following collateral in full satisfaction of the secured claim:

| **Creditor** | **Collateral Surrendered** |
|---|---|
| **Del Norte Credit Union** | **2017 Keystone Laredo** |
| | |

The automatic stay and the co-debtor stay will terminate as to the collateral upon confirmation, and the creditor may repossess, foreclose, or sell the collateral without the need to file a motion for relief from stay. If the creditor believes it will have a deficiency claim, it must amend its timely filed secured proof of claim within 90 days after the later of the claims bar date or confirmation, absent leave of Court. Deficiency claims filed outside of the 90-day period will be disallowed without further order of the Court.

| Part 5: | Treatment of Priority Unsecured Claims |

**5.1 Domestic Support Obligation ("DSO") Priority Claims.**

Debtor will pay all post-petition DSO claims directly. Trustee will pay all allowed DSO priority claims with interest at the below rate.
  ☐  If box is checked, § 1322(a)(4) applies and Trustee may pay less than the full amount of a government DSO claim.

| DSO Priority Creditor | Estimated Amount Of Claim | Interest Rate | Assigned or Owed to Governmental Unit? ("government DSO claim") See § 507(a)(1)(B) (Yes/No) |
|---|---|---|---|
| | | | |
| | | | |

**5.2 Priority Unsecured Claims other than DSO Claims, including tax claims.**

| Non-DSO Priority Creditor/Tax Agency | Est. Amount of Claim | Basis for Priority Claim |
|---|---|---|
| | | |
| | | |

| Part 6: | Separately Classified Secured and Unsecured Claims |

These are claims that are not treated elsewhere in the Plan.

**6.1 Separately Classified Claims Paid by the Trustee:**

| Creditor | Collateral | Secured or Unsecured | Estimated Claim Amount | Interest Rate |
|---|---|---|---|---|
| | | | | |
| | | | | |

**6.2 Separately Classified Claims Paid Direct by Debtor or co-borrower (other than arrearage, which will be paid by the Trustee):**

| Creditor | Collateral | Co-Borrower (Yes/No) | Estimated Claim Amount | Estimated Arrearage | Interest Rate | Monthly Payment Amount | No. of Months Remaining |
|---|---|---|---|---|---|---|---|
| Santander Consumer USA | 2015 Ford F-150 | No | 59,244.19 | 0.00 | Pursuant To Contract | 1,171.21 | 60 |
| | | | | | | | |
| | | | | | | | |

| Part 7 | Executory Contracts and Unexpired Leases ("Contracts and Leases") |

Debtor will assume the following Contracts and Leases:

| Creditor | Description of Contract or Lease | Estimated Arrearage | Interest Rate |
|---|---|---|---|
| | | | |
| | | | |

Debtor will make all post-petition payments on assumed Contracts and Leases directly. Trustee will pay the allowed pre-petition arrearage payments on assumed Contracts and Leases at the interest rate set forth above. All other Contracts and Leases are rejected.

| Part 8: | Lien Avoidance – Other than Mortgages |

Debtor moves the Court to avoid upon confirmation the judicial liens or nonpossessory, nonpurchase money security interests ("Lien or Interest") set forth below to extent the Lien or Interest impairs an exemption to which the Debtor is entitled under § 522(b). The Trustee will pay in full the amount, if any, of the Lien or Interest that is not avoided as an allowed secured claim, with interest as set forth below, with the balance treated as a non-priority unsecured claim.

| **Creditor** | **Description of Lien or Interest** | **Amount of Lien or Interest** | **Property** | **Value of property** | **Value of claimed exemptions** | **Total amount of all other liens or interests** | **Amount of Lien or Interest to be avoided** |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

The Lien or Interest will be avoided on confirmation as set forth above. If the creditor timely objects, the confirmation hearing will include a lien avoidance hearing under § 522(f). **Lien avoidance requires service in accordance with Rule 7004.**

| Part 9: | Treatment of Non-priority, Unsecured Claims |

The minimum amount the Debtor must pay to all classes of allowed non-priority unsecured claims is ☒**$0.00** or ☐ 100% plus interest at the rate of ____ percent per annum. *See* **Exhibit 1** (Best Interest of Creditors Test Calculation) attached to this Plan.

| Part 10: | Vesting of Estate Property |

*Check one:*

☒ Property of the estate, other than § 1306 property, will vest in the Debtor on Plan confirmation.

☐ Property of the estate will vest in Debtor upon the entry of discharge, or upon dismissal or closing of the case without discharge.

If the case is converted to another chapter, property of the estate will vest in accordance with applicable law.

| Part 11: | Order of Distribution |

Upon confirmation, the Trustee will make distributions from Plan Payments to pay the Trustee's fees and allowed claims in the following order of priority:

a. First, Trustee's fees at in the percentage fixed by the U.S. trustee;
b. Second, post-petition monthly mortgage payments on claims secured by real property;
c. Third, administrative expenses, including attorney's fees;
d. Fourth, other secured claims, arrearages owing under mortgages and/or assumed contracts and leases;
e. Fifth, priority unsecured claims, other than government DSO claims being paid less than 100%;
f. Sixth, government DSO claims being paid less than 100%; and
g. Seventh, non-priority unsecured claims.

Starting with category c., Trustee will pay claims in full before making any payment on claims in the next category. Distributions will be paid *pro rata* within each category and will be sent to the creditor's payment address of record. Trustee will make distributions only to the extent of available funds, may exercise reasonable discretion in determining the timing and amount of distributions, and is not required to make distributions to any creditor less than the minimum specified in Rule 3010(b).

| Part 12: | Identification of Amendment(s) and Explanation for Amendment(s) |
|---|---|

If this is an amended Plan, the amended Plan provisions and the reason for the amendment(s) are as follows:

| Plan Provision | Amendment | Reason for Amendment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| Part 13: | Other Standard Provisions |
|---|---|

**13.1 Pre-petition Arrearage Claims.** Debtor must list all pre-petition arrearages for all claims paid pursuant to § 1322(b)(5). If the claim is not scheduled or treated in the Plan, whether the continuing payments are paid by the Debtor or the Trustee, the Trustee is authorized to pay the allowed, pre-petition claim in full. Interest will not be paid unless stated in the Plan or ordered by the Court.

**13.2 Post-petition Claims.** Trustee will pay administrative expenses for post-petition taxes per § 1305 upon the filing of the claim. Any additional fees, charges, and expenses noticed under Rule 3002.1(c) will be treated as a secured claim and paid by the Trustee upon the filing of the notice of additional fees, charges and expenses under Rule 3002.1(c). Trustee will pay other administrative expense claims only after Court approval. Debtor will increase Plan Payments as necessary to fund any required payments, plus Trustee's fees. Other post-petition claims will not be paid unless a Plan modification is filed and approved.

**13.3 Lien Retention.** Unless provided otherwise in the Plan, secured creditors will retain their liens until full payment of their claims secured by collateral as determined under applicable non-bankruptcy law.

**13.4 Adequate Protection Payments.** Trustee may make pre-confirmation adequate protection payments to secured creditors if the creditor or Debtor files a certification that, (1) the Plan provides for adequate protection payments; (2) the debt and collateral are listed on Schedule D; and (3) the creditor has timely filed a secured proof of claim that includes all required documentation. Unless the Court orders otherwise, the payments will be 1% of the claims that will be paid in full, or 1% of the value of the collateral for bifurcated claims. Trustee will not be required to make adequate protection payments on claims of less than $2,000. Trustee will calculate the adequate protection payments using reasonable discretion. Trustee will make monthly adequate protection payments until confirmation. Thereafter, Trustee will use reasonable discretion to disburse the remaining balance of the allowed claim in accordance with Part 11. If the Plan Payments are insufficient to pay adequate protection, Trustee will make the payments pro rata. Trustee will apply adequate protection payments to the principal amount of the creditor's allowed secured claim.

**13.5 Debtor Refunds.** Upon written request of the Debtor, the Trustee is authorized to refund to the Debtor, without Court approval, any erroneous overpayment of regular monthly payments received during the term of the Plan that have not been previously disbursed.

**13.6 Debt Secured by Principal Residence.** A creditor may mail Debtor all correspondence, notices, statements, payment coupons, escrow notices and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay. Creditor must also comply with Rule 3002.1.

**13.7 Separate Lien Avoidance Orders.** If this Plan includes a motion to avoid a nonpossessory, nonpurchase money security interest or judicial lien, Debtor may submit separate orders avoiding such liens together with the confirmation order. If this Plan includes a motion to strip a wholly unsecured mortgage upon discharge or avoid a lien upon discharge, Debtor may submit a separate order after discharge.

**13.8 Claims Objections.** The deadline to object to a timely filed proof of claim is 60 days after the applicable claims bar date unless extended by further order of the court.

| Part 14: | Nonstandard Provisions |
|---|---|

The Plan includes the following nonstandard provision(s)_____
To the extent a nonstandard provision conflicts with any other Plan provision, the nonstandard provision controls. **The nonstandard provisions will be effective only if the "included" box is marked in Part 1.3. Any nonstandard provision placed elsewhere in the Plan is void.**

**By signing this Plan below, the attorney or self-represented Debtor certifies that this Plan contains no nonstandard provision other than those set out in this Part 14.**

# Part 15: Signatures

/s/ Jason M. Cline                                       Date 08/17/2023
Signature of Debtor's Attorney

# Exhibit 1
# BEST INTEREST OF CREDITORS TEST ("BICT") CALCULATION

| | Asset | Value | Costs of Sale (COS) | Exemption | Secured Debt | Net Non-Exempt Value of Asset (Value less COS less Exemption less Secured Debt) |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| | | | | | **Total Net Value of Non-Exempt Assets:** | |
| | | | § 326(a) calculation | Less (25% of first $5,000): | | |
| | | | | Less (10% of next $45,000): | | |
| | | | | Less (5% of next $950,000): | | |
| | | | | Less (3% of amount over $1MM): | | |
| | | | Less Chapter 7 Administrative Expenses as explained below: | | | |
| | | | | **Amount to be paid to satisfy BICT:** | | |

Explanation of other Chapter 7 Administrative Expenses: